| | | | FILED |
|---|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **WINNEBAGO COUNTY** | 11-06-2018 |
| Steven Laraia vs. Kimberly-Clark Corporation et al | | Electronic Filing Notice | Clerk of Circuit Court Winnebago County, WI |
| | Case No. 2018CV000910 | | 2018CV000910 |
| | Class Code: Other-Personal Injury | | Honorable Barbara Key Branch 3 |

**KIMBERLY-CLARK CORPORATION**
**1050 COLD SPRING ROAD**
**NEENAH WI 54956**

Case number 2018CV000910 was electronically filed with/converted by the Winnebago County Clerk of Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at http://efiling.wicourts.gov/ and may withdraw as an electronic party at any time. There is a $ 20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register as an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: dc6eab**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 920-236-4848.

RELIABLE PROCESS SERVICE LLC
Served: 11/8, 20 18
Time: 11:45 AM
Place: 301 S. Bedford Street Suite 1
Manner: ( ) Personal Service
( ) Substituted Service
(X) Service on Corporation
( ) Post-mail
Person Served: Kimberly-Clark Corporation
Process Server: [signature]

Winnebago County Circuit Court
Date: November 6, 2018

GF-180(CCAP), 06/2017 Electronic Filing Notice
This form shall not be modified. It may be supplemented with additional material.
§801.18(5)(d), Wisconsin Statutes

**EXHIBIT A**

FILED
11-06-2018
Clerk of Circuit Court
Winnebago County, WI
2018CV000910
Honorable Barbara Key
Branch 3

STATE OF WISCONSIN      CIRCUIT COURT      WINNEBAGO COUNTY

Steven Laraia

and

Drivers Management, LLC

                Plaintiffs,

v.

Kimberly-Clark Corporation,

and

John Doe Defendants 1-9,

and

John Doe Insurance Companies 1-10, an insurance company,

                Defendants.

Case No.
Case Code: P.I. – Other, 30107

SUMMONS

---

THE STATE OF WISCONSIN, TO EACH DEFENDANT ABOVE-NAMED:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, which address is Clerk of Courts, Winnebago County

Courthouse, 415 Jackson Street, Oshkosh, WI 54901, and to Isaac Tyroler, attorney for Plaintiff, whose address is 332 Minnesota Street, Suite W2402, Saint Paul, MN 55101.

If you do not provide a proper Answer within 45 days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

SAND LAW, PLLC

Dated: 11/6/18     By _____

Isaac I. Tyroler, State Bar No. 1113549
332 Minnesota Street, Suite W2402
St. Paul, Minnesota 55101
Telephone: 651-450-8833
Fax: 888-795-1753
Email: isaac@sandlawnd.com

*Attorney for Plaintiff Steven Laraia*

FILED
11-06-2018
Clerk of Circuit Court
Winnebago County, WI
2018CV000910
Honorable Barbara Key
Branch 3

STATE OF WISCONSIN　　CIRCUIT COURT　　WINNEBAGO COUNTY

---

Steven Laraia,

    Plaintiff,

Drivers Management, LLC

    Involuntary Plaintiff,

v.

Kimberly-Clark Corporation,

and

John Doe Defendants 1-9,

and

John Doe Insurance Companies 1-10, an insurance company,

    Defendants.

Case No.
Case Code: P.I. – Other, 30107

**COMPLAINT FOR DAMAGES**

**JURY DEMANDED**

---

Plaintiff Steven Laraia, by and through his attorney Sand Law, LLC, as and for his cause of action against the above-named Defendants, states and alleges as follows:

### THE PARTIES

1. At all times material, Steven Laraia was an adult residing at 43 Locust Avenue, Farmingville, NY 11738.

2. Involuntary Plaintiff Drivers Management, LLC, is a business operating out of Omaha, Nebraska and provided workers' compensation benefits to Plaintiff Steven Laraia arising out of the incident alleged in this Complaint.

3. Upon information and belief, Defendant Kimberly-Clark Corporation ("Kimberly-Clark) was at all relevant times a business with headquarters in Irving, Texas, and operating a facility at 1050 Cold Spring Road, Neenah, Wisconsin 54956.

4. John Doe Defendants 2-10, are entities or individuals that or who have liability to Plaintiff Steven Laraia for injuries under any theories advances in this Complaint.

5. Defendant John Doe Insurance Company 1 is an insurance company, with an unknown principal place of business. John Doe Insurance Company is in the business of selling and underwriting liability insurance and had a policy of liability insurance in force with Kimberly-Clark at all times relevant to this claim. Pursuant to the policy terms, John Doe Insurance Company must pay all sums insured defendant may become legally obligated to pay for losses and damages caused to Plaintiff. By virtue of Wis. Stats. Sec. 803.04(2), John Doe Insurance Company is a proper party to this action and is jointly and severally liable to Plaintiff.

6. Defendants John Doe Insurance Companies 2-10 are insurance companies, with unknown principal places of business. John Doe Insurance Companies 2-10 are in the business of selling and underwriting liability insurance and had a policy of liability insurance in force with John Doe Defendants 1-9 at all times relevant to this claim. Pursuant to the policy terms, John Doe Insurance Companies must pay all sums the respective insured defendant may become legally obligated to pay for losses and damages caused to Plaintiff. Pursuant to Wis. Stats. Sec. 803.04(2), John Doe Insurance Companies 2-10 are proper parties to this action and are jointly and severally liable to Plaintiff.

## FACTUAL ALLEGATIONS

7. On or about November 19, 2015, Plaintiff was working for Drivers Management, LLC, a commercial transportation and delivery company. At said time, Plaintiff drove his semi-trailer to Defendants' location at 1050 Cold Spring Road, Neenah, WI 54956 ("Cold Spring location").

8. Defendants, by and through its employees and agents, loaded and prepared at the Cold Spring location the trailer Plaintiff was scheduled to deliver. Defendants, by and through employees and agents, closed and sealed the trailer for transport. Defendants were responsible for blocking, bracing, and load securement.

9. Plaintiff drove to Hodgkins, Illinois, to deliver the shipment. When Plaintiff opened the rear doors, multiple unsecured large cartons of freight fell onto Plaintiff, causing injuries.

## CAUSES OF ACTION
### COUNT ONE: NEGLIGENCE

10. Plaintiff realleges and adopts all foregoing paragraphs of the Complaint as if full set forth herein.

11. Defendants owed Plaintiff a duty of care to safely and securely load the trailer that Plaintiff was driving.

12. Defendants owed Plaintiff a duty of care to warn of dangers and to maintain and ensure that Plaintiff could safely open and unload the trailer.

13. Defendants breached their duty and were negligent in that they:

a. Loaded and prepared the trailer in a dangerous and unsafe manner;

b. Failed to properly secure the contents of the trailer such that the contents would not fall out and injure Plaintiff when he opened the trailer; and

c. Failed to warn Plaintiff that the load was not secured and could fall out when the trailer was opened.

14. The doctrine of *res ipsa loquitor* applies as the sealed trailer was within Defendants' exclusive control and the incident was such that in the ordinary course of events it would not happen if Defendants had used proper care.

15. As a direct and proximate cause of Defendants' negligence: (1) Plaintiff has sustained severe and permanent injuries; (2) Plaintiff has in the past and will in the future incur medical, hospital, drug, and other expenses for the treatment of his injuries; (3) Plaintiff has lost income in the past and will in the future lose earning capacity; and (4) Plaintiff has in the past and will in the future suffer great physical and mental pain and anguish.

## COUNT TWO: NEGLIGENT HIRING, TRAINING, AND SUPERVISION

16. Plaintiff realleges and adopts all foregoing paragraphs of the Complaint as if full set forth herein.

17. Defendants failed to properly instruct its agents and employees regarding how to load and stack contents in the sealed trailer, causing Plaintiff's injuries.

18. Defendant's negligently hired, trained, and/or supervised its employees, including but not limited to, anyone who loaded and prepared the trailer that Plaintiff was driving and anyone who closed and sealed the trailer for transport.

19. As a direct and proximate cause of Defendants' negligent hiring, training, and/or supervision: (1) Plaintiff has sustained severe and permanent injuries; (2) Plaintiff has in the past and will in the future incur medical, hospital, drug, and other expenses for the treatment of his injuries; (3) Plaintiff has lost income in the past and will in the future lose earning

capacity; and (4) Plaintiff has in the past and will in the future suffer great physical and mental pain and anguish.

Upon information and belief, Drivers Management, LLC, has made certain payments on behalf of Plaintiff Steven Laraia with regard to medical, hospital, disability expenses, and wage loss benefits incurred by Plaintiff as a result of injuries sustained in the above-described incident. Plaintiff reserves all right to defenses and claims regarding the validity of Drivers Management, LLC's claims, but Drivers Management, LLC, is joined as a party plaintiff for the purpose of complying with the provisions of Wisconsin Statutes §803.03, and no claim for affirmative relief is here asserted by Steven Laraia against Drivers Management, LLC.

WHEREFORE, Plaintiff Steven Laraia demands Judgment against the above-named Defendants, jointly and severally, in an amount unspecified according to Wisconsin Statutes, together with pre and post-judgment interest, costs, and disbursements associated with this action, and any other remedy that this Court deems just and equitable under the circumstances.

A JURY TRIAL IS DEMANDED

SAND LAW, PLLC

Dated: 11/6/18

By: _____
Isaac I. Tyroler, State Bar No. 1113549
332 Minnesota Street, Suite W2402
St. Paul, Minnesota 55101
Telephone: 651-450-8833
Fax: 888-795-1753
Email: isaac@sandlawnd.com

*Attorney for Plaintiff Steven Laraia*