UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN LARAIA,

        Plaintiff,

DRIVERS MANAGEMENT, LLC,

        Involuntary Plaintiff,

    v.                                               Case No. 18-C-1936

KIMBERLY-CLARK CORPORATION,
JOHN DOE DEFENDANTS 1-9, and
JOHN DOE INSURANCE COMPANIES 1-10,

        Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

This is a diversity personal injury action that Defendant Kimberly-Clark Corporation (Kimberly-Clark) removed from Winnebago County Circuit Court. The court has jurisdiction under 28 U.S.C. § 1332(a). Plaintiff Steven Laraia claims that he was injured while working for Drivers Management, LLC due to Kimberly-Clark's negligence. Before the court is Kimberly-Clark's motion to dismiss Laraia's complaint as time-barred. For the reasons stated below, Kimberly-Clark's motion will be granted and this case will be dismissed.

### LEGAL STANDARD

"While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Small v. Chao*, 398 F.3d 894,

898 (7th Cir. 2005). When faced with a Rule 12(b)(6) motion to dismiss a complaint as time-barred, "the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations." *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003). Where "facts pleaded in the complaint establish that a claim is time barred," the claim must be dismissed. *Logan*, 644 F.3d at 582. When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914–15 (7th Cir. 2015).

## ALLEGATIONS OF THE COMPLAINT

On or about November 19, 2015, Laraia, who was employed at Drivers Management, LLC, a commercial transportation and delivery company, drove a semi-trailer to Kimberly-Clark's location in Neenah, Wisconsin. After Laraia arrived, Kimberly-Clark's employees and agents loaded, prepared, closed, and sealed the trailer Laraia was scheduled to deliver. Laraia then drove to Hodgkins, Illinois to deliver the shipment. While in Illinois, Laraia opened the trailer's rear doors. When the doors opened, multiple large cartons of freight fell onto Laraia, causing him to sustain severe and permanent injuries.

Laraia filed this action on November 6, 2018, pleading two causes of action. First, Laraia claims that Kimberly-Clark negligently loaded the trailer at its location in Neenah, Wisconsin. Second, Laraia claims that Kimberly-Clark negligently trained its employees regarding how to load a trailer. Laraia seeks damages for medical expenses, lost income, loss of earning capacity, and pain and suffering in an amount to be determined at trial.

## ANALYSIS

All of the relevant facts involving timeliness are alleged in the complaint. The material facts are that (1) the alleged negligent acts occurred in Wisconsin, (2) Laraia was injured in Illinois on

2

or about November 19, 2015, as a result of the alleged negligence, and (3) Laraia filed his complaint on November 6, 2018. This dispute is about whether Illinois or Wisconsin's statute of limitations applies. For personal injury actions, the statutes of limitations in Wisconsin and Illinois are respectively three and two years. *See* Wis. Stat. § 893.54; 735 Ill. Comp. Stat. 5/13-202. This action is therefore untimely if Illinois' statute of limitations applies.

Kimberly-Clark argues that, under Wisconsin's borrowing statute, § 893.07, this court must borrow Illinois' statute of limitations and dismiss this action as untimely. Wisconsin Statute § 893.07 provides:

> (1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.
>
> (2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

Wis. Stat. § 893.07. Wisconsin courts use a "place of injury test" to determine whether a cause of action is "foreign" under § 893.07. *Abraham v. Gen. Cas. Co. of Wis.*, 217 Wis. 2d 294, 304, 576 N.W.2d 46 (1998). "[T]he place of the tortious injury (hereinafter 'place of injury test') is the decisive factor for causes of action sounding in tort: if a party is injured outside the state of Wisconsin, the injured's claim in tort is a 'foreign cause of action.'" *Id.*

Here, there is no dispute that Laraia's negligence claims were filed in Wisconsin and that they are "foreign" causes of action under § 893.07 because Laraia was injured in Illinois. Thus, it would appear that Laraia's action is barred by the Illinois two-year statute of limitations. But the parties disagree as to what the rest of § 893.07(1) means. Kimberly-Clark argues that, once it is

3

determined that a foreign cause of action exists, Wisconsin's borrowing statute requires that the shorter of Wisconsin's statute of limitations and the statute of limitations of the state where the injury occurred be adopted. Laraia, on the other hand, argues that § 893.07(1) must be read to mean "if an action is barred in Wisconsin for injuries that occurred in another state, and that state's statute of limitations applies and has expired, then the action is also barred in Wisconsin." Pl.'s Resp. Br, ECF No. 8, at 4. Laraia's reading thus requires that the court first determine whether Illinois' statute of limitations would apply before borrowing Illinois' statute. And in Laraia's view, Illinois' statute of limitations would never have been applicable to this action because Illinois lacks personal jurisdiction over Kimberly-Clark and because Illinois' choice of law analysis would have applied Wisconsin's statute of limitations. Kimberly-Clark disputes Laraia's reading of Wisconsin's borrowing statute, but argues that it would nevertheless prevail even under Laraia's reading.

Kimberly-Clark's reading of § 893.07 finds support in Wisconsin case law. In *Guertin v. Harbour Assurance Company of Bermuda, Ltd.*, the Wisconsin Supreme Court addressed the issue of whether § 893.07 barred a tort action brought in Wisconsin when the plaintiff was injured in Illinois. 141 Wis. 2d 622, 624–25, 415 N.W.2d 831 (1987). While the *Guertin* court's analysis focused on resolving the ambiguity of the phrase "foreign cause of action," which culminated in the adoption of the place-of-injury test, *id.* at 628–31, the court also spoke to the borrowing statute's effect, and in so doing, it differentiated between two conflict of law issues. *Id.* at 630–31. The court noted that one type of conflict issue is "the selection of law to resolve the substantive issues of an action that is timely before a Wisconsin court," *id.* at 630, but before reaching that conflict, the court must adjudicate the "initial conflict of law determination as to the timeliness of the action." *Id.* at 631. The court made clear that the matter of timeliness "is resolved by [the

Wisconsin borrowing statute] which adopts as Wisconsin law either the law of the state where the cause of action arose or Wisconsin's law, whichever is shorter." *Id.* The court further explained:

> [H]ad [the plaintiff] been injured in a state with a longer limitation period than Wisconsin, Wisconsin's shorter statutory period would have been applied under sec. 893.07, Stats. Wisconsin's borrowing statute uses the place of injury only to determine which jurisdictions are to be compared in establishing the shorter limitation period.
>
> The manifest intent of the legislature in enacting this borrowing statute was to adopt the shortest possible limitation period for actions litigated in this state potentially subject to more than one statute of limitations. The policies advanced by such a statute include the reduction of forum shopping, the prevention of stale claims, the expedient litigation of controverted matters, and the avoidance of uncertainty in assessing the timeliness of bringing an action in this state without the necessity of a court hearing to make such a determination, thereby preserving scarce judicial resources. . . . To apply choice-influencing considerations to the issue of timeliness of an action resolved by sec. 893.07, Stats., as it is currently drafted . . . would defeat the express provisions and policies served by the statute.

*Id.* at 631–32; *see also Abraham*, 217 Wis. 2d at 304–05.

The Wisconsin Supreme Court's *Guertin* opinion made two things clear. First, under Wisconsin's borrowing statute, the place of injury determines whether a cause of action is "foreign," and once a foreign cause of action is found, the statute requires that the court adopt the shorter of Wisconsin's statute of limitations and the statute of limitations of the place of injury. *See Guertin*, 141 Wis. 2d at 631–32; *see also Wenke v. Gehl Co.*, 2004 WI 103, ¶ 67, 274 Wis. 2d 220, 682 N.W.2d 405 ("Section 893.07 simply instructs that Wisconsin courts adhere to the policy reflected in the shortest applicable limitations period . . . ."). Second, the purpose of Wisconsin's borrowing statute is to eliminate the need for substantive choice of law analysis until after timeliness is resolved. *See Guertin*, 141 Wis. 2d at 630–32; *see also Paynter v. ProAssurance Wis. Ins. Co.*, 2018 WI App 27, ¶¶ 15, 19, 381 Wis. 2d 239, 911 N.W.2d 374 ("*Guertin* makes clear that choice

5

of laws considerations are not relevant to determining whether the borrowing statute applies to a particular lawsuit."); *Faigan v. Doubleday Dell Publ'g Grp., Inc.*, 98 F.3d 268, 270 (7th Cir. 1996) ("The [*Guerin*] court eschewed any consideration of whether the cause of action has significant contacts with Wisconsin, emphasizing that this familiar conflict-of-laws inquiry is appropriate only after the court has determined pursuant to the borrowing statute that the cause of action is timely. *That* determination is governed by the place of injury.") (internal citations omitted); *Doe v. Am. Nat'l Red Cross*, 847 F. Supp. 643, 650 (W.D. Wis. 1994) ("[T]he Wisconsin borrowing statute . . . was enacted precisely for the purpose of eliminating difficult choice of law determinations.").

Despite the express language in *Guertin* and the *Guertin* court's finding that the legislative intent behind § 893.07 was to promote clarity and efficiency, Laraia nevertheless argues that the "foreign period of limitation *which applies*" language in § 893.07 requires that, before determining which statute of limitations is shorter, a court must determine that the statute of limitations would in fact apply had the case been brought in the state of injury. § 893.07 (emphasis added). In other words, a court must determine whether the state of injury has jurisdiction over the parties and, if so, whether the state of injury's choice of law analysis would adopt its own statute of limitations. In support of his position, Laraia cites *Wenke v. Gehl Co.*, 2004 WI 103, 274 Wis. 2d 220, 682 N.W.2d 405. There, the Wisconsin Supreme Court held that "the meaning of the phrase 'foreign period of limitations which applies' in § 893.07(1) refers to 'the period of limitation,' as defined by the foreign jurisdiction, which governs the case in the foreign state." *Id.*, ¶ 63. Laraia reads this language to mean that a jurisdictional and choice of law analysis must occur under the foreign state's law to prove that the foreign statute of limitations "governs" before Wisconsin can borrow that foreign statute.

But *Wenke* does not say what Laraia claims. Instead, the *Wenke* court went on to say that "Wisconsin courts traditionally recognize the principle that, once a cause of action is determined to be 'foreign,' the borrowing statute adopts as Wisconsin law the law on limitations of the foreign state, if that proscribed law is shorter." *Id.* (citing *Guertin*, 141 Wis. 2d at 631). Nowhere does the *Wenke* court mention the need for an analysis as to jurisdiction and choice of law to determine that a foreign statute of limitations "governs." Indeed, the *Wenke* court determined that the period of limitation "which applie[d]" in that case was Iowa Code § 614.1(2A), not § 614.1(2). *Id.*, ¶ 62. The difference between these subsections is that (2A) provides the limitations period for products liability actions while (2) provides the limitations period for actions founded on injuries to the person or reputation, whether based in contract, tort, or statute. *See* Iowa Code § 614.1. Because the plaintiff in *Wenke* brought a products liability action related to an injury he received from a hay baler, the court found that, were the lawsuit filed in Iowa, subsection (2A) would apply. 2004 WI 103, ¶¶ 5, 62. That the *Wenke* court did not consider Iowa's jurisdiction over the parties or Iowa's conflict of law doctrine is telling. The *Wenke* court did not engage in such an analysis because, in light of *Guertin*, Wisconsin's borrowing statute does not require it. It is no wonder why Laraia has failed to cite a single Wisconsin or federal case adopting his reading of § 893.07.

Like the court in *Wenke*, other courts that have applied Wisconsin's borrowing statute have forgone the analysis that Laraia attempts to read into the statute. *See, e.g.*, *Guertin*, 141 Wis. 2d at 624–32; *Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 613, 456 N.W.2d 152 (1990) ("Adhering to *Guertin*, we conclude that because Alberta[, Canada] is the place where the plaintiffs were injured, the Alberta period of limitation is the applicable foreign period of limitation in this case under sec. 893.07(1)."); *Bell v. Emp'rs Mut. Cas. Co. of Des Moines, Iowa*, 198 Wis. 2d 347, 372, 541 N.W.2d

7

824 (Ct. App. 1995) ("Following *Guertin*, we conclude that because Bell's injury occurred in Iowa, and the Iowa statute of limitations is shorter than the Wisconsin statute of limitations, the Iowa two-year statute of limitations applies to this claim even though the negligent conduct occurred in Wisconsin."); *Faxon Sales, Inc. v. U-Line Corp.*, No. 17-CV-872-JPS, 2017 WL 4990617, at *2–6 (E.D. Wis. Oct. 31, 2017) (holding that foreign causes of action existed and that the parties' contractual limitations period controlled because it was shorter than the foreign jurisdiction's statutes of limitations); *Stupak v. Hoffman-La Roche, Inc.*, 315 F. Supp. 2d 970, 975 (E.D. Wis. 2004) ("[T]he only injury for which plaintiff seeks to recover is the death of her son. Because there is no dispute that the death occurred in the State of Michigan, Wisconsin's borrowing statute makes the shorter Michigan statute of limitations applicable.").

Each of the above-cited courts has interpreted "which applies" in the phrase "foreign period of limitation which applies" as merely differentiating between a foreign state's potential statutes of limitations. *Accord Wenke*, 2004 WI 103, ¶ 62. In other words, if a foreign cause of action involved a contract claim, then the applicable statute of limitations would be the foreign jurisdiction's statute of limitations for contract claims; if the foreign cause of action were a personal injury claim, then the foreign jurisdiction's statute of limitations for personal injury actions would apply. That the "which applies" language entails differentiation between statutes of limitation is further confirmed through the plain language of subsection (2), which provides in pertinent part: "on a foreign cause of action and the foreign period of limitation which applies *to that action*." § 893.07(2) (emphasis added). This language makes clear that, under either subsection of § 893.07, the "which applies" language requires a matching of the nature of the foreign cause of action to the foreign statute of limitations that corresponds to claims of that nature. No additional jurisdictional or choice of law

8

analysis is needed. To require such an additional analytical step would contravene the legislative intent recognized in *Guertin* and could lead to the illogical result of the "foreign" statute of limitation being Wisconsin's own statute. This result would make little sense given that Wisconsin's borrowing statute is intended to do as its title suggests—to *borrow* the statute of limitations of the foreign jurisdiction if it is shorter than Wisconsin's.

A contextual reading of the statute also supports Kimberly-Clark's position. "Statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. Section 893.07 has two subsections that work in tandem to apply the shorter of Wisconsin's statute of limitations and the state of injury's statute of limitations to a foreign cause of action brought in Wisconsin. Subsection (2) provides: "If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state." If Laraia reads the "which applies" language to require a jurisdictional and choice of law analysis to make sure that a foreign cause of action could in fact govern, then "the *applicable* Wisconsin period of limitation" (emphasis added) language would also require a similar analysis. That reading would be absurd. *See id.*, ¶ 46. As the *Guertin* court recognized, the purpose of the borrowing statute "was to adopt the shortest possible limitation period for actions litigated in [Wisconsin] *potentially* subject to more than one statute of limitations." 141 Wis. 2d at 631. Once a court determines that a cause of action brought in Wisconsin is "foreign" and therefore "potentially" subject to multiple statutes of limitations, then the borrowing statute adopts the shortest applicable statute of limitation without analyzing whether the case satisfies the

9

jurisdictional and choice of law requirements of the foreign jurisdiction. *See id.* Wisconsin's legislature certainly could have made those requirements explicit were that its intention.

In light of *Guertin* and the statute's plain language, Wisconsin's borrowing statute requires dismissal of Laraia's claims. Laraia's injury occurred in Illinois and he filed this action in Wisconsin, meaning his negligence causes of action are "foreign" within the meaning of § 893.07. Between the statutes of limitations applicable to personal injury actions in Wisconsin and Illinois, Illinois' statute is shorter, meaning § 893.07 requires that this court borrow Illinois' statute of limitations for the purpose of assessing the timeliness of Laraia's claims. *Compare* Wis. Stat. § 893.54 (three-year limitations period) *with* 735 Ill. Comp. Stat. 5/13-202 (two-year limitations period). Because Laraia filed this action more than two years after his injury, which marked the accrual of his causes of action, his claims are untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, Kimberly-Clark's motion to dismiss (ECF No. 6) is **GRANTED**, Drivers Management, LLC's request for additional time to file a brief on the motion to dismiss (ECF No. 13) is **DENIED as moot**, and this case is dismissed. The Clerk is instructed to enter judgment accordingly.

Dated this __22nd__ day of February, 2019.

                                                                    s/ William C. Griesbach
                                                                    William C. Griesbach, Chief Judge
                                                                    United States District Court